UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GET HOOKED CHARTERS, LLC, | § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-18 |
| RICHARD HAYSLIP, *et al*, | § § § | |
| Claimants. | § § | |

## ORDER

Before the Court is Claimants' Motion to Dissolve the Limitation Injunction. Dkt. 23. The Court had previously referred the case to Magistrate Judge John R. Froeschner. Dkt. 19. Judge Froeschner's Report and Recommendation ("R&R") recommended denying the motion. Dkt. 28. The Claimants objected to the R&R, arguing that the Court's refusal to lift the stay would constitute an abuse of discretion. Dkt. 37. The Court reviews the Claimants' Motion de novo. Based on the pleadings; the motions, response, and replies; the applicable law; and the arguments of counsel, Claimant's Motion is **GRANTED**.

This case stems from an incident at sea in which Claimants Danny Ritter (individually and as Next Friend of D.R. and D.R., minor children) and Richard Hayslip (together, "the Ritters") chartered a 21' Parker watercraft (the "Parker") from Petitioner Get Hooked Charters, LLC ("Get Hooked"). The Parker capsized in navigable waters off Galveston. Ritter filed a maritime personal injury suit in County Court No. 3 of Galveston County, Texas.

Get Hooked filed a Verified Complaint for Exoneration from or Limitation of Liability in this Court. Dkt. 1. Declarations of Value ($8,000) and Pending Freight ($750) were attached. Dkts. 1-1, 1-2. The Court entered a monition; however, no further parties came forward. The parties' April 2016 Joint Discovery and Case Management Plan ("JDCMP") stated that "Claimants filed their suit for damages in Galveston County Court but intend to seek first resolution and trial of this limitation of liability action, and upon resolution, proceed with their state court causes of action." Dkt. 15, ¶ 22. In May 2016, the Court entered a Docket Control Order, which set intermediate deadlines in anticipation of a two-day bench trial in July 2017. Dkt. 18.

In January 2017, the Ritters filed the instant motion to lift the stay on the state court proceedings. Dkt. 23. The Ritters argued that the Court must lift the stay because Ritter had made all proper stipulations required to lift the stay. *See Odeco Oil and Gas Co. Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). Get Hooked filed a Response, to which the Ritters did not reply. Dkt. 25. Judge Froeschner filed his R&R (Dkt. 28), to which the Ritters objected (Dkt. 37). Get Hooked then responded to the Ritters' objections. Dkt. 38. Get Hooked argued that the Court should—in its discretion—deny the motion because the Ritters waived their right to state court litigation in the JDCMP. Get Hooked further argued that the Ritters' stipulation was inadequate. Judge Froeschner agreed. Dkt. 28. His R&R recommending denial of the motion to lift the stay relied upon the Ritters' express abandonment of their Savings Clause option and on the fact that extensive limitation suit discovery had already occurred.

The Ritters Objected, arguing that they never intended to abandon their state court claim. Dkt. 37. They requested leave, in the alternative, to re-file the necessary stipulations. On April 12, the Court emailed the parties and requested that the Ritters file any necessary stipulations. On April 24, 2017, the Ritters filed the requested stipulations. Dkt. 40.

When deciding whether to lift an injunction on state court proceedings pursuant to the Limitation of Liability Act (the "Act") (discussed below), "the District Court's decision is 'one of discretion in every case.'" *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 449 (2001) (quoting *Langes v. Green*, 282 U.S. 531, 544 (1931)).[1] A district court finding inadequate protection in state court may adjudicate the merits of the claim, deciding both liability and limitation. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001). A district court may also dismiss the limitation claim where it finds that the vessel owner's rights will be protected in state court. *Id.* Finally, a district may lift the stay on the state court proceeding while staying the federal limitation proceeding "so that it could act if the state court proceedings jeopardized the vessel owner's rights under the Limitation Act." *Id.* at 453-54.

---

[1] Ritter argues that the Court lacks discretion whether to lift the stay when the Claimant has made all necessary stipulations. The argument is belied by Ritter's own citation to *Ackerson v. Bean Dredging LLC*, which states that where the Claimant has made all necessary stipulations, the Court "*may* stay that action and allow the merits action to proceed." 589 F.3d 196, 210 (5th Cir. 2009). In contrast, Get Hooked argued that the Court should adopt Judge Froeschner's R&R unless it was clearly erroneous pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Get Hooked wrongly claims that Rule 72(a)—which covers non-dispositive matters for which a magistrate enters an order—controls. Judge Froeschner filed an R&R on a dispositive motion, to which the Ritters timely objected. The controlling clause here is therefore Rule 72(b)(3), which requires that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. § 72(b)(3).

Ritter filed their state court petition under the 'savings to suitors' clause ("Savings Clause"). 28 U.S.C. § 1333(1). Get Hooked filed its Verified Complaint in this Court pursuant to the Limitation of Liability Act, 46 U.S.C. § 30505 *et seq.* (the "Act"). Under the Act, the vessel owner's liability is generally limited to the combined value of the vessel and its pending freight. 46 U.S.C. § 30505(a). The Act applies, *inter alia*, to "claims ... arising from ... any act ...incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b).

Under the Act, the vessel owner "may bring a civil action in [federal court] for limitation of liability ...." 46 U.S.C. § 30511(a). By filing in district court and depositing funds with the court's registry in the amount equal to that of the vessel and pending freight, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(b)(1), (c).

The interplay between the Act and the Savings Clause is the subject of a "well-known tension." *In re Bertucci Contracting Co., L.L.C.*, 544 Fed. App'x 308, 317 n.8 (5th Cir. 2013). Generally, courts of appeal have permitted claimants to proceed with their claims in state court where there is only a single claimant ... or where the total claims do not exceed the value of the limitation fund ...." *Lewis*, 531 U.S. at 451. The Fifth Circuit permits district courts to lift the state court injunction when 1) "the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight"; 2) when the claimants "stipulate that the federal court has exclusive jurisdiction over the limitation proceeding"; and 3) when the claimants stipulate that they "will not seek to enforce a damage award greater than the value of the ship and its freight until the

shipowner's right to limitation has been determined by the federal court." *Id.* (quoting *Odeco Oil & Gas Co. Drilling Div. v. Bonnette,* 74 F.3d 671, 674 (5th Cir. 1996)). In weighing the competing interests, "[t]he shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice." *See Odeco Oil and Gas Co. Drilling Div. v. Bonnette,* 74 F.3d 671, 675 (5th Cir. 1996)

Here, the dispositive issues before the court are: 1) whether the Ritters' stipulations sufficiently protect the rights of Get Hooked under the Act; and 2) whether the JDCMP statement effectively waived the Ritters' right to proceed in state court. The Ritters' initial stipulation—included within the body of its motion—were inadequate to fully protect the rights of Get Hooked under the Act. For example, the stipulation was not signed by the Claimants. *See Odeco 675.* Further, there was no stipulation regarding the order in which the four Claimants are to be paid. *See Pershing Auto Rentals, Inc. v. Gaffney,* 279 F.2d 546, 550-51 (5th Cir. 1960) (internal citations omitted). However, the Court finds that the Ritters corrected these deficiencies in their subsequent filing. *See* Dkt. 40. Accordingly, the Court finds that the Ritters' amended stipulations do fully protect the rights of Get Hooked.

The Court therefore finds that it is appropriate to lift the stay and allow the Ritters to proceed in state court pursuant to their stipulations. Out of an abundance of caution, the Court will maintain jurisdiction over this case in the event that the rights of the parties are not protected in state court.

SIGNED on 4/25/17, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge